**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 19, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff-Appellee,

v.

FERNANDO TREJO-LUNA, a/k/a
Antonio Retana, a/k/a Manuel Pasa-Linas,

     Defendant-Appellant.

No. 11-1342
(D.Ct. No. 1:10-CR-00610-REB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]

Before **PORFILIO**, **ANDERSON,** and **BRORBY**, Senior Circuit Judges.

     After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

     Appellant Fernando Trejo-Luna pled guilty to one count of unlawful re-

_____

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

entry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2).  The district court sentenced him to forty-one months imprisonment – within the United States Sentencing Guideline ("Guidelines") range of thirty-seven to forty-six months imprisonment.  Although Mr. Trejo-Luna appeals his conviction and sentence, his attorney has filed an *Anders* brief and a motion for permission to withdraw as counsel.  *See Anders v. California*, 386 U.S. 738, 744 (1967).  For the reasons set forth hereafter, we grant counsel's motion to withdraw and dismiss this appeal.  *Id.*

## I.  Background

On April 14, 2011, Mr. Trejo-Luna pled guilty to unlawful re-entry after deportation subsequent to an aggravated felony conviction in violation of 8 U.S.C. § 1326(a) and (b)(2).  Mr. Trejo-Luna executed a formal statement in advance of his plea in which he acknowledged his attorney explained the nature of the charges against him and the elements which the government must prove and stated, in part, he:  (1) understood the court would consider many factors, including the Guidelines and 18 U.S.C. § 3553(a) factors, in determining his sentence; (2) was aware of his Constitutional rights and the rights he was waiving by not going to trial; (3) knew the maximum possible penalty for his crime was twenty years; and (4) entered his plea after full understanding of his rights, the facts and circumstances of the case, and the potential consequences of his plea

agreement, without mental reservation or influence of medications, drugs, or intoxicants.  Mr. Trejo-Luna also stated he understood that by pleading guilty he was agreeing to forego his right of appellate review on the question of his guilt, but he could still seek appellate review of the sentence imposed.  In pleading guilty, Mr. Trejo-Luna, who was born in Mexico, had the benefit of Spanish translation and an interpreter.

After the district court accepted his guilty plea, a probation officer prepared a presentence report calculating his sentence under the applicable Guidelines, including a total offense level of 17, which, together with a criminal history category of IV, resulted in a sentencing range of thirty-seven to forty-six months imprisonment.  In discussing Mr. Trejo-Luna's criminal history, the probation officer pointed out he previously pled guilty to "Driving Under the Influence with Prior Driving Under the Influence/Vehicular Homicide/Vehicle Assault/Driving Under Revocation" and indicated it involved Mr. Trejo-Luna's second driving under the influence charge.  Ultimately, the district court imposed a sentence of forty-one months incarceration and three years supervised release.[1]

---

[1] While Mr. Trejo-Luna's counsel outlines the contents of the documents on which he relies, including the presentence report, sentencing transcript, "Motion Requesting Down Spiral," and the order denying that motion, he has not submitted into the record copies of these documents or the portions on which he relies.  Generally, "[w]hen the party asserting an issue fails to provide a record sufficient for considering that issue, [this] court may decline to consider it."  10th

(continued...)

Following sentencing, Mr. Trejo-Luna filed a pro se "Motion To The Court Request[ing] Down Spiral On Sentencing The Court Erred On Adding On To My Sentence When I Was Not Involved In An Accident Where Someone Died." In his motion, Mr. Trejo-Luna claimed the district court improperly sentenced him because, in discussing his criminal history, it referred to a conviction which the presentence report indicated involved vehicular homicide. The district court issued an order denying the motion, stating it "did not cite or use this discreet conviction to enhance the sentence imposed. Thus, whether the conviction actually involved vehicular homicide was irrelevant to my sentencing analysis under 18 U.S.C. § 3553(a)(1)-(7)." It concluded that "[b]ecause Mr. Trejo-Luna suffered no prejudice from any misdescription of the offense, he is not entitled to a sentence reduction."

Following Mr. Trejo-Luna's pro se notice of appeal, his appointed counsel filed an *Anders* appeal brief and a motion to withdraw as counsel, explaining no meritorious issues exist on appeal. *See Anders*, 386 U.S. at 744. In support, counsel points out: (1) Mr. Trejo-Luna knowingly, voluntarily, and intelligently

_____

[1](...continued)

Cir. R. 10.3(B). However, in this case, the absence of these documents does not affect our disposition of Mr. Trejo-Luna's appeal. This is because we assume counsel's representations with respect to the contents of the documents are accurate in the absence of any objection by the government or Mr. Trejo-Luna himself.

-4-

pled guilty; (2) he was advised in Spanish of his rights and the possible penalties for pleading guilty; (3) his motion for a downward spiral was meritless given the district court stated it did not increase his sentence based on the conviction; and (4) no grounds otherwise exist under Federal Rule of Criminal Procedure 35 for correcting or reducing his sentence.

Pursuant to the requirements in *Anders,* this court gave Mr. Trejo-Luna an opportunity to respond to his counsel's *Anders* brief, which he failed to timely file. *See id.* In addition, the government has filed a notice of its intention not to file an answer brief in this appeal.

## II. Discussion

As required by *Anders*, we have conducted a full examination of the record before us. *See id.* A review of the plea document furnished establishes Mr. Trejo-Luna waived his right to appeal his guilty plea and that even if his guilty plea is examined, it was voluntarily, knowingly, and intelligently entered.

As to his sentence, we review it for procedural and substantive reasonableness. *See United States v. Kristl*, 437 F.3d 1050, 1053-55 (10th Cir. 2006) (*per curiam*). Having made such a review, we find no nonfrivolous basis for challenging the sentence imposed. Mr. Trejo-Luna, through his counsel, does

not contend the district court improperly calculated his Guidelines range of thirty-seven to forty-six months incarceration. Further, the district court sentenced him to forty-one months imprisonment, which is within the advisory Guidelines range and entitled to a rebuttable presumption of reasonableness. *Id.* Mr. Trejo-Luna has not rebutted this presumption with any nonfrivolous reason warranting a lower sentence. *Id.*

## III. Conclusion

For these reasons, no meritorious appellate issue exists. Accordingly, we **GRANT** counsel's motion to withdraw and **DISMISS** Mr. Trejo-Luna's appeal.

**Entered by the Court:**

**WADE BRORBY**
United States Circuit Judge